IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| W. HARVEY SPARKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-20-710-R |
| | ) |
| LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Liberty Mutual Fire Insurance Company's Motion to Quash Plaintiff's Subpoena Duces Tecum to Non-party Haag Engineering. (Doc. No. 21). Plaintiff responded in opposition to the motion (Doc. No. 24) and Defendant filed a Reply (Doc. No. 25) in support of its position. The Court conducted a hearing on March 31, 2021 and ordered the parties to confer with Haag in an effort to determine whether Haag would be willing to produce certain information sought by Plaintiff. The parties filed a notice with the Court on April 7, 2021 indicating that Haag advised Liberty Mutual that it is willing to produce its inspection file for Plaintiff's insurance claims but is otherwise unwilling to respond. Accordingly, the Court turns to consideration of the parties' briefs and finds as follows with regard to Defendant's motion.

In this action Plaintiff alleges that Defendant breached certain contracts of insurance by failing to tender adequate payment on Plaintiff's claims for the repair or replacement of the roof on each of five buildings that Plaintiff owns. He further alleges that in breaching

those contracts the Defendant violated its duty of good faith and fair dealing. On December 16, 2020, Plaintiff filed a Notice of Subpoena Duces Tecum, in accordance with Federal Rule of Civil Procedure 45(a)(4), informing Defendant that he intended to issue a subpoena to Haag Engineering on December 23, 2020.[1] In response to the Notice, Defendant filed the instant motion seeking to quash certain aspects of the subpoena. Alternatively, and importantly in the context of the Federal Rules of Civil Procedure, Defendant requests that the Court issue a protective order limiting the scope of the subpoena Plaintiff intends to issue to Haag Engineering.

Defendant's motion relies in part on Rule 45 of the Federal Rules of Civil Procedure. Plaintiff correctly notes that Rule 45(d)(3) provides, in pertinent part:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i)     fails to allow a reasonable time to comply;
> (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv)    subjects a person to undue burden.

Accordingly, to the extent Defendant is relying on Rule 45(d)(3), this Court is not the appropriate forum for a motion to quash, because the Rule provides that the district where compliance is required, here the Northern District of Texas, should consider such a motion. However, Local Civil Rule 45.1(b) provides:

---

[1] Rule 45(a)(4) provides:
> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

>Within 7 days from the filing of the notice provided in LCvR45.1(a), any party may file a motion to preclude service of the subpoena, in whole or in part, on any ground for which a protective order may be sought. If a motion under this rule is timely filed, the subpoena shall not be served on the person to whom it is directed until the motion is determined.

Thus, consistent with Federal Rule of Civil Procedure 26, Local Civil Rule 45.1(b), contemplates that a party may file a motion for protective order in the court where the action in pending with regard to discovery sought from a non-party, as opposed to seeking relief via a motion to quash, which is to be filed in the place of production.[2]

Here, Plaintiff's subpoena directed Haag Engineering to comply by completing the production in Dallas, Texas, which is not within the Western District of Oklahoma. Defendant argues that this applies only when the subpoena has been served on the third-party, however, Defendant cites no authority in support of this proposition. Accordingly, the Court denies Defendant's Motion to Quash but considers whether a protective order is appropriate under the facts and circumstances of this case.

The subpoena Plaintiff intends to serve on Haag Engineering requests twelve documents covering twelve topics; only six are at issue here, Defendant having no documents sought in topics 7 through 12. The document topics to which Defendant objects are:

1. Any and all documents addressing, referencing and/or evidencing Your relationship with Liberty Mutual in the State of Oklahoma, including, but not limited to, the following:

---

[2] Local Civil Rule 45.1(c) provides that "[f]ailure to file a motion under LCvR45.1(b) does not preclude any party or person from invoking other remedies, such as a subsequent motion for protective order or a motion to quash or to modify the subpoena under Fed.R.Civ.P. 45(d).

    a.    Any and all documents showing the number of claims in which Liberty Mutual retained Haag in Oklahoma from January 1, 2010 to the date of Your response to this subpoena.[3]

    b.    Any and all documents showing the number of claims in which Liberty Mutual retained Haag in any state of the United States of America from January 1, 2010 to the date of Your response to this subpoena.

    c.    Any and all documents evidencing the number of claims in Oklahoma from January 1, 2010 to the date of Your response to this subpoena, in which, on behalf of Liberty Mutual, Haag issued an engineering report.

    d.    Any and all documents evidencing the number of claims in any state in the United States of America from January 1, 2010 to the date of Your response to this subpoena, in which, on behalf of Liberty Mutual, Haag issued an engineering report.

    e.    Any and all documents demonstrating Your knowledge or understanding of Oklahoma state licensing requirements for professional engineers.

2.    Any and all documents addressing, referencing and/or evidencing Your professional relationship with Liberty Mutual in any state in the United States of America, including, but not limited to, the following:

    a.    Any and all documents showing any workshops, training materials, speeches, marketing materials or advertising provided by You directly to Liberty Mutual from January 1, 2010 to the date of Your response to this subpoena.

    b.    Any and all documents evidencing any solicitations or discounts offered by Haag to Liberty Mutual from January 1, 2010 to the date of Your response to this subpoena.

    c.    Any and all documents showing any instances, from January 1, 2010 to the date of Your response to this subpoena, in which a moratorium was placed on Haag from performing engineering services on behalf of Liberty Mutual, and the circumstances surrounding such moratorium.

    d.    Any and all documents demonstrating any instances, from January 1, 2010 to the date of Your response to this subpoena, in which Liberty Mutual has alleged that Haag or its employees have committed fraud, negligence, or professional malpractice.

---

[3] Sparkman agreed in his response to limit the time period for topics 1-6 to January 1, 2010 through February 1, 2020.

      e.    Any and all documents evidencing the contractual terms existing between You and Liberty Mutual from January 1, 2010 to the date of Your response to this subpoena.

3. Any and all documents addressing, referencing and/or evidencing Your professional relationship with other insurance carriers in the State of Oklahoma., such as State Farm Insurance Company and Allstate Insurance Company, including, but not limited to, the following:

    a. Any and all documents showing any instances, from January 1, 2010 to the date of Your response to this subpoena, in which a moratorium was placed on Haag from performing engineering services on behalf of any insurance company in Oklahoma, and the circumstances surrounding such moratorium.

    b. Any and all documents evidencing any instances, from January 1, 2010 to the date of Your response to this subpoena, in which any insurance company who has retained Haag's professional services on claims in Oklahoma has alleged that Haag or its employees have committed fraud, negligence, or professional malpractice.

4. Any and all documents addressing, referencing and/or evidencing Your professional relationship with other insurance carriers who write insurance for any state in the United States of America., such as State Farm Insurance Company and Allstate Insurance Company, including, but not limited to, the following:

    a. Any and all documents showing any instances, from January 1, 2010 to the date of Your response to this subpoena, in which a moratorium was placed on Haag from performing engineering services on behalf of any insurance company in any state in the United States of America, and the circumstances surrounding such moratorium.

    b. Any and all documents evidencing any instances, from January 1, 2010 to the date of Your response to this subpoena, in which any insurance company who has retained Haag's professional services on claims in any state in the United States of America has alleged that Haag or its employees have committed fraud, negligence, or professional malpractice.

5. Any and all documents how much Haag has been paid by Liberty Mutual from January 1, 2010 to the date of Your response to this subpoena.

      6.      Any and all 1099s or other tax forms or documents evidencing payments to Haag by Liberty Mutual from January 1, 2010 to the date of your response to this subpoena.

Liberty Mutual is defined "Defendant Liberty Mutual Fire Insurance Company and any parent, subsidiary, or any entity affiliated with Liberty Mutual Insurance Company." (Doc. No. 21-1).

At the outset the Court concludes that to the extent Defendant argues that Plaintiff is improperly seeking discovery directly from Defendant's expert, the Court disagrees. An expert witness is a person, separate and distinct from his or her employer. Plaintiff's subpoena is directed to Haag Engineering, and Haag Engineering, an entity, cannot perform the function of an expert witness although clearly Defendant anticipates that one or more of Haag's currently unidentified employees will perform such services. The Court finds that Defendant's failure to identify a particular Haag employee as an expert cannot be used to preclude Plaintiff from seeking the discovery sought from the third party.[4] Certain of the documents sought by Plaintiff may be relevant to the credibility of whomever Defendant ultimately identifies as an expert witness, as Plaintiff indicates the requests are designed to show "the bias of Haag to find facts in favor of the insurance company that hires them." (Doc. No. 34, p. 29). Plaintiff's counsel argued at the hearing, "I think this is going to support a position that it was bad faith to use Haag to send them out with instructions to determine date of loss." *Id.* at p. 29.

---

[4] According to the parties' notice Haag Engineering has agreed to produce the inspection files for Plaintiff's properties but is otherwise unwilling to produce documents. Haag will have the opportunity to challenge the subpoena, if served, in the Northern District of Texas where production is to be completed. Defendant has not made objection to production of these documents.

Plaintiff disputes whether Liberty Mutual has standing to challenge a subpoena to be served on Haag, a third-party. Liberty Mutual disagrees.

> A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.Colo. 1997)("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcart Capital Corp. v. Flagler Secs. Inc*, 149 F.R.D. 626, 628 (D.Colo. 1993). Courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only based on privilege or a proprietary interest. *Howard v. Segway, Inc*, NO 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D.Okla. July 18, 2012)(citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y.*, 519 F. Supp. 668, 680 (D. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege).

*Scott v. Antero Res. Corp.*, No. 1:17-CV-00693-WJM-SKC, 2020 WL 7212169, at *2 (D. Colo. Feb. 6, 2020).[5] Absent standing by the movant or a valid claim of privilege or confidentiality, the Court may nevertheless limit the scope of the discovery sought on the basis of relevance.[6]

> In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C). *See* Fed. R Civ. P. 26(b)(2)(C)(iii) (explaining that court "must limit the frequency or extent of discovery" if court determines that proposed discovery is outside the scope permitted by Rule 26(b)(1)); *Gov't Employees Ins. Co. v. Trnovski*, No. CV 16-4662 (CCC), 2018 WL 5281424, at *3 (D.N.J. Oct. 23, 2018) ("Although the Court finds that defendants lack standing to quash the Subpoenas, the Court will nevertheless address whether the information that Plaintiffs seek is relevant under Rule 26.").

---

[5] Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court has broad discretion to utilize a protective order to specifically define or narrow discovery, including the terms, timing, and method of discovery. *Id.*

[6] Plaintiff concedes that Defendant has standing to challenge relevancy. (Doc. No. 24, p. 5 n. 3).

*Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-56-4-TCK-JFJ, 2020 WL 972754, at *3 (N.D. Okla. Feb. 28, 2020).

With regard to topics 1(a)-(d) and 2(a)-(e), 5, and 6, Defendant arguably has standing. Topics 1(a)-(d) seek documents addressing the relationship between Liberty Mutual—including its various constituent parts—and Haag Engineering. Topics 5 and 6 seek payment information, specifically how much Liberty Mutual paid to Haag Engineering between January 1, 2010 and the date of Haag's response to the subpoena. Defendant does not assert any privilege, but rather contends the information should be protected as "confidential" information either because it involves other Liberty Mutual customers or is proprietary information regarding the relationship between Liberty Mutual and Haag Engineering. To the extent the information is relevant, the Court finds that considerations of privacy and confidentiality can be addressed by entering a protective order limiting the use and dissemination of documents produced by Haag in response to the subpoena. The Court finds the remainder of Defendants' objections to these topics unavailing, but concludes that the ten-plus year period is excessive and that the definition of Liberty Mutual is too broad to make all of the information sought relevant.

For example, in topic 1(c) Plaintiff seeks documents showing the number of claims in Oklahoma, since January 1, 2010, in which Haag issued an engineering report on behalf of Liberty Mutual. This category would of course include all such reports. Plaintiff argues "[d]iscovery of prior engineering reports should be allowed because they are relevant to potential bias on the part of Haag. Also engineering reports written by Haag employees in other claims are discoverable because they are relevant to credibility. In addition, Haag's

prior engineering reports should be produced as relevant because they will show Haag's previous hail-damage assessment positions." (Doc. No. 24, p. 8)(citations omitted). Again, the Court concurs that the documents sought are potentially relevant but the limits on discovery imposed at the hearing are useful in this context as well.

At the hearing on the Motion to Compel the Court ordered Defendant Liberty Mutual to provide Plaintiff with payment information as it pertained to Liberty Mutual Fire Insurance Company, specifically how much it had paid Haag on any type of claim in the past five years. The Court hereby grants, consistent with this limitation, a protective order, limiting Plaintiff's request to Haag for topics 1(a)-1(d) to documents from Liberty Mutual Fire Insurance Company for the past five years. The Court imposes a similar limitation with regard to topics 2(a)-2(e). With regard to topics 5 and 6, there would be no logical basis for restricting the information sought to a shorter timeframe, nor to extending it back greater than five years and thus the same limits apply.[7] Accordingly, the Court grants Defendant's alternative request for a protective order and limits the discovery as set forth above. At this juncture the evidence sought by Plaintiff appears relevant; applying Plaintiff's expansive scope, however, would encompass information that is remote from the events in question and of dubious relevance.

---

[7] Defendant argues that Plaintiff has made only broad allegations which do not warrant wide-ranging discovery beyond the propriety of Defendant's offers on the five buildings owed by Mr. Sparkman. The Amended Complaint includes allegations that Plaintiff believes Liberty Mutual does substantial business with Haag Engineering and further that Haag ignored all hail events that occurred in 2019 and declared that damage to the buildings occurred in either 2015 or 2017, permitting Defendant to offer actual cash value rather than replacement cost. (Amended Complaint, ¶¶ 22-23).

The Court finds that Defendant lacks standing to challenge topics 1(e), 3, and 4. Those categories seek information from Haag unrelated to its relationship with Liberty Mutual. As noted, however, the absence of standing does not preclude the Court from addressing the propriety of the documents Plaintiff seeks from Haag.

The Court finds that the documents sought in topic 1(e)—documents related to Haag's knowledge of Oklahoma licensing requirements for engineers—are not relevant to the instant case except as to any engineer that actually performed an inspection on the subject properties. Therefore, the Court grants Defendant's request for a protective order limiting Plaintiff's inquiry to the engineer(s) who inspected and/or completed reports on Plaintiff's buildings.

Topics 3 and 4 address Haag's relationship with insurance carriers other than Liberty Mutual, both in Oklahoma and in other states. At the hearing counsel for Plaintiff argued:

> The only reason I want to know about other insurance companies, how many claims they have, how much they might have been paid, is to see how much of Haag's income is dependent upon Liberty Mutual. If they're 75 percent or 50 percent or 20 percent of their income, that could be important. And I asked about other companies. I know about State Farm, but I don't know if any other companies ever put Haag—put a moratorium on their adjusters using Haag or if any other companies accused them of fraud, negligence, or professional malpractice.

Doc. No. 34, pp. 34-35. The information requested by Plaintiff regarding other insurers addresses the second part of counsel's argument -- moratoriums and accusations of fraud, negligence or malpractice. Although the requests do not directly address the issue counsel asserts is relevant -- Haag's financial reliance on Liberty Mutual—the Court nevertheless

finds the topics relevant in this case. The requests are sufficiently broad that responses presumably will include information regarding payments between other insurers and Haag Engineering. Additionally, Haag's reliability in the insurance industry and whether other insurers stopped using Haag for some period of time because of concerns about the reliability of its work, is relevant to the issue of whether it was bad faith for Liberty Mutual to utilize Haag in assessing the damage to Plaintiff's buildings. The Court finds, however, that the ten year period is too long and again limits the subpoena to five years. as it addresses topics 3 and 4.

The Motion to Quash is denied as set forth above. For the reasons set forth herein the Court finds that Defendant has standing to challenge certain of the topics set forth in the subpoena Plaintiff intends to serve on non-party Haag Engineering and the Court exercises its discretion to consider other issues. The motion, to the extent it seeks a protective order, is granted in part as set forth above.

**IT IS SO ORDERED** this 27th day of April 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE